IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAURA A. DAY, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MGM NATIONAL HARBOR, LLC,<br><br>Defendant. | CASE NO. 8:21-cv-00124-GJH |

### STIPULATION OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Laura A. Day ("Day") and Defendant MGM National Harbor, LLC ("MGM") (collectively, the "parties"), hereby submit this Stipulation of Dismissal Without Prejudice, and state as follows:

1. On April 2, 2021, the parties filed a Stipulation to Stay Proceedings Pending Mediation, which sought a stay of proceedings in this case through at least June 9, 2021 to allow the parties to preserve resources while pursuing mediation. Doc. 16. The Court granted the parties' request to stay these proceedings pending mediation. Doc. 17.

2. On June 9, 2021, the parties participated in an all-day virtual mediation with mediator David A. Rotman, a noted national wage and hour mediator. The parties simultaneously mediated a related case that remains pending in the U.S. District Court for the District of New Jersey, *Maldonado v. MGM Resorts International, et al.,* Case No. 1:20-cv-05599 ("*Maldonado*"). At the conclusion of the mediation, the parties reached a settlement in principle to resolve both related cases that was memorialized in a term sheet.

3. On November 8, 2021, the parties filed a Joint Status Report and Motion to Extend Stay and informed the Court they were in the process of finalizing a settlement agreement. Doc.

22. Accordingly, the parties sought an extension of the stay in this case which would allow the parties to finalize the settlement documents. *Id.*

4. On November 12, 2021, Plaintiff Maria D. Maldonado ("Maldonado") and Day (collectively, the "*Maldonado* Plaintiffs") filed an unopposed motion for preliminary approval of the parties' settlement in the related and first-filed *Maldonado* action. The parties informed this Court that, upon preliminary approval of the settlement of this and the *Maldonado* actions, they intended to dismiss the instant action without prejudice, consistent with the terms of the settlement.

5. While the motion for preliminary approval was pending in *Maldonado*, the parties filed Joint Status Reports and Motions to Extend Stay (Docs. 23, 24, & 25), on November 30, 2021, February 3, 2022, and March 28, 2022, each time seeking a 60-day extension of the stay in this case, during which the parties hoped to achieve preliminary approval of their settlement in *Maldonado* before dismissing the instant case without prejudice.

6. On April 8, 2022, the court in *Maldonado* entered its Order Granting Preliminary Approval of the Class Action Settlement (the "Approval Order"). *See* Exhibit A, attached. Pursuant to the Approval Order, Maldonado was granted leave to file a second amended complaint that added Day as a named plaintiff and MGM as a named defendant to the *Maldonado* action for purposes of the settlement.[1] Accordingly, consistent with the terms of the settlement, the parties hereby stipulate that the above-captioned action be dismissed without prejudice to Day refiling this action in the event that final approval of the parties' settlement is not granted in the *Maldonado*

---

[1] More specifically, on November 12, 2021, the *Maldonado* Plaintiffs submitted a proposed Second Amended Class and Collective Action Complaint (the "*Maldonado* SAC") to the U.S. District Court for the District of New Jersey with their motion for preliminary approval. The Approval Order, attached hereto as Exhibit A, granted Maldonado leave to file the *Maldonado* SAC (adding Day and MGM as parties to *that* action), directed the Clerk of Court to accept the filing, and confirmed that defendants in the *Maldonado* action (which now includes MGM) need not file an Answer thereto. *See* Exhibit A at p. 2.

4854-3351-4526.1                            2

action subject to the terms of the parties' settlement.

    7.    WHEREFORE, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the parties stipulate to the dismissal of the above-captioned action *without prejudice*.

Dated: May 5, 2022            Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ Alexander T. Ricke
George A. Hanson (admitted *pro hac vice*)
Alexander T. Ricke (admitted *pro hac vice*)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    (816) 714-7100
Facsimile:    (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**

/s/ Ryan L. McClelland
Ryan L. McClelland (admitted *pro hac vice*)
Michael J. Rahmberg (admitted *pro hac vice*)
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone:    (816) 781-0002
Facsimile:    (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

**LEBOWITZ LAW FIRM**

/s/ Neil R. Lebowitz
Neil R. Lebowitz, Bar No.: 25155 (Local Counsel)
8180 Lark Brown Road, Suite 201
Elkridge, Maryland 21075
Telephone:    (410) 730-9010
neil@lebowitzlegal.com

**ATTORNEYS FOR PLAINTIFF**

**and**

**BAKER & HOSTETLER LLP**

/s/ Katherine C. Ondeck
Katherine C. Ondeck, Md. Bar No. 19026
1050 Connecticut Avenue N.W.
Suite 1100
Washington, D.C. 20036-5403
Tel. (202) 861-1518
kondeck@bakerlaw.com

**ATTORNEYS FOR DEFENDANT**

SO ORDERED, this \_\_6th\_\_ day of \_\_May\_\_, 2022, by:

*The clerk shall close this case.*

_____
George Jarrod Hazel, U.S. District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2022 a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

/s/ Ryan L. McClelland

**ATTORNEY FOR PLAINTIFF**

4854-3351-4526.1

4